DAVID D. FISCHER (SBN 224900)
LAW OFFICES OF DAVID D. FISCHER, APC
1007 7th Street, Suite 100
Sacramento, CA. 95814
Tel. (916) 447-8600
Fax (916) 930-6482
E-Mail:  davefischer@yahoo.com

Attorney for Defendant
NICHOLAS VOTAW

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | )   No. 2:12-CR-00406 TLN |
| | ) |
| Plaintiff, | )   STIPULATION REGARDING |
| | )   EXCLUDABLE TIME PERIODS UNDER |
| | )   SPEEDY TRIAL ACT; FINDINGS AND |
| v. | )   ORDER |
| | ) |
| NICHOLAS VOTAW | ) |
| | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

_____

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and the defendant, by and through his counsel of record, hereby stipulate as follows:

1.     By previous order, this matter was set for status on December 5, 2013.

2.     By this stipulation, the defendant now moves to continue the status conference until January 30, 2014, at 9:30 a.m., and to exclude time between December 5, 2013, and January 30, 2014, under Local Code T4.  Plaintiff does not oppose this request.

3.     The parties agree and stipulate, and request that the Court find the following:

a.     The government has represented that the discovery associated with this case

1

includes approximately 2,416 pages of investigative reports and related documents in electronic form.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

b.      Counsel for the defendant desires additional time to consult with his client, to review the current charges, to conduct investigation and research related to the charges, to review and copy discovery for this matter, to discuss potential resolutions with his client, to prepare pretrial motions, and to otherwise prepare for trial.

c.      Counsel for the defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d.      The government does not object to the continuance.

e.      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f.      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of December 5, 2013, and January 30, 2014, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  December 2, 2013                                BENJAMIN WAGNER
                                                       U.S. ATTORNEY

                                          by:    /s/ David D. Fischer for
                                                 LEE BICKLEY
                                                 Assistant U.S. Attorney
                                                 Attorney for Plaintiff


Dated:  December 2, 2013                          /s/  David D. Fischer
                                                 DAVID D. FISCHER
                                                 Attorney for Defendant
                                                 NICHOLAS VOTAW



**O R D E R**



IT IS SO FOUND AND ORDERED this 3rd day of December, 2013.




Troy L. Nunley
United States District Judge